## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MICHAEL A. WILSON, | : | |
| | | District Judge Thomas M. Rose |
| Plaintiff, | : | Magistrate Judge Sharon L. Ovington |
| | | |
| -vs- | : | Case No. 3:10CV0452 |
| | | |
| GREEN COUNTY COMMON | : | |
| PLEAS COURT, et al., | | |
| | : | |
| Defendants. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

### I.      PLAINTIFF'S COMPLAINT

Plaintiff alleges that on April 16, 1983 he was indicted by the Greene County Common Pleas Court Grand Jury and that during his trial all the jurors (named Defendants herein) were white and he was heavily medicated and he did not understand what was happening. Plaintiff asserts that as a result, his constitutional rights were violated. (Doc. # 3).

### II.      STANDARDS OF REVIEW

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915.  This case is presently before the Court for a *sua sponte* review to

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief.  If the Complaint suffers from one or more of these deficiencies, it must be dismissed under 28 U.S.C. §1915(e)(2)(B).

By enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress authorized the federal courts to *sua sponte* dismiss an *in forma pauperis* Complaint if satisfied that the Complaint is frivolous or malicious.  *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B)(I).

Viewing an *in forma pauperis* Complaint through lens of §1915(e)(2)(B)(i), the Court asks whether the Complaint raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal.  *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  A Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible."  *See Denton,* 504 U.S. at 32; *see also*

*Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of Complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. §1915(2)(B)(ii).  A *pro se* Complaint fails to state a claim upon which relief can be granted if – accepting the factual allegations as true and liberally construing them in the plaintiff's favor – it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000)(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

## III.    ANALYSIS

Plaintiff's factual allegations are frivolous and should be dismissed. He raised virtually the same allegations in the case captioned *Wilson v. Haller*, 3:10cv355, which case was subsequently dismissed. Accordingly, Plaintiff's instant complaint is barred by the doctrine of *res judicata*.

Moreover, under *Heck v. Humphrey*, 512 U.S. 477 (1994), his present federal constitutional claims brought under 42 U.S.C. §1983 are not cognizable.  The Supreme Court explained in *Heck*:

> ... in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is

not cognizable under §1983.

512 U.S. at 486-87.

Plaintiff's Complaint seeks an award of damages against each named Defendant. To grant such relief would imply that his underlying convictions were constitutionally invalid even though the state courts have upheld his convictions.  Therefore, his present §1983 claims are not cognizable and subject to dismissal.  *See Heck*, 512 U.S. at 486-87; *see also Powers v. Hamilton County Public Defender*, 501 F.3d 592, 599-605 (6th Cir. 2007)(discussing *Heck*).

Plaintiff's complaint is also subject to dismissal because his claims are barred by the applicable statute of limitations. The statute of limitations for actions under 42 U.S.C. §1983 to recover damages for violations of constitutional rights is two years. *Banks v. City of Whitehall*, 344 F. 3d 550, 551(6th Cir. 2003). The events upon which Plaintiff complains occurred 27 years ago.

## IT IS THEREFORE RECOMMENDED THAT:

1.     Plaintiff's Complaint be DISMISSED with prejudice;

2.     The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

3.     The case be terminated on the docket of this Court.

December 6, 2010

       s/Sharon L. Ovington

       Sharon L. Ovington
       United States Magistrate Judge

4

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).